IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| James Darnell Scott, | ) | C/A No. 0:11-3169-RBH-PJG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| Geraldine Miro, *Responsible Authority for Policy PS-10.08*; William R. Byars, Jr., *South Carolina Department of Corrections Director*, | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |

Plaintiff James Darnell Scott ("Scott"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motions to dismiss.[1] (ECF Nos. 18 & 25.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Scott was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motions. (ECF Nos. 19 & 27.) Scott filed responses in opposition. (ECF Nos. 23 & 30.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motions should be denied.

---

[1] Defendant Byars filed a motion to dismiss on March 7, 2012 in response to Scott's initial Complaint. (ECF No. 18.) Scott later amended his Complaint to identify Geraldine Miro as the John Doe defendant. Defendants Byars and Miro jointly filed a motion to dismiss on April 19, 2012, which incorporated by reference all arguments set forth in the first motion to dismiss, as well as including additional arguments. (ECF No. 25.)



**BACKGROUND**

Scott's Complaint alleges that he was deprived of his First and Fourteenth Amendment rights on June 27, 2008 when the mailroom at Lee Correctional Institution rejected a newsletter pursuant to South Carolina Department of Corrections ("SCDC") Policy PS-10.08. (Am. Compl., ECF No. 13-1 at 3-4; see also Pl.'s Resp. Opp'n Summ. J. at 1, ECF No. 23 at 1.) Scott alleges that this policy, which does not allow inmates housed in the special management unit ("SMU") to receive items categorized as "publications," is unconstitutional. (Id. at 4.)

**DISCUSSION**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the

development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. at 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

In this case, the defendants argue that Scott's claims are barred by the statute of limitations. An assertion that a claim is barred by the applicable statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c). Accordingly, it is generally not properly raised via a Rule 12(b)(6) motion. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). However, where the face of the complaint reveals that a claim is time barred, it may be dismissed for failure to state a claim upon which relief can be granted. Id.; see also Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005) ("The raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint.").

*PJG*

The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. See Owens v. Okure, 488 U.S. 235 (1989); S.C. Code Ann. § 15-3-530(5). In this case, Scott's Complaint reveals, and the parties do not appear to dispute, that Scott filed this action outside of the three-year statute of limitations. Scott's alleged deprivation occurred when he was not permitted to receive a newsletter on June 27, 2008. (Compl., ECF No. 13-1 at 3.) The instant Complaint was filed on November 10, 2011—more than three years after the alleged deprivation took place. See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to the district court). However, Scott argues that the limitations period should be equitably tolled while his grievances were pending before SCDC, as he is required to exhaust his administrative remedies prior to filing a civil action. Specifically, Scott alleges that he filed an SCDC Step One grievance on July 1, 2008. After receiving a response to his Step One grievance, Scott alleges that he filed a Step Two grievance on August 9, 2008, to which SCDC failed to respond.

The defendants argue that even if the limitations period is tolled, Scott is entitled to no more than sixty days of tolling, relying on discussions of the SCDC internal inmate grievance policy contained in Jones v. Kay, C/A No. 4:07-3480-SB, 2007 WL 4292416 (D.S.C. Dec. 5, 2007), and Kelly v. White, C/A No. 4:10-982-JFA-TER, 2011 WL 939015 (D.S.C. Mar. 16, 2011). The defendants assert that even applying the doctrine of equitable tolling for a period of sixty days after Scott filed his Step Two grievance, Scott's Complaint remains untimely. In response, Scott argues that the courts in Jones and Kelly were applying a prior version of the policy and declares that this policy was amended in 2008. (See ECF No. 23.) Scott argues that applying the policy in effect

Page 4 of 7

PJG

when his grievance was filed would entitle him to toll the limitations period such that dismissal of his Complaint is not warranted. The defendants have not disputed Scott's showing.

As an initial matter, other courts have observed that since equitable tolling may depend on matters outside the pleadings, "it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-1004 (9th Cir. 2006) (citing Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995)). In this case, Scott has presented a declaration, to which the defendants had an opportunity to reply.[2] Therefore, the court is treating the defendants' motion as one for summary judgment pursuant to Rule 56. See Fed. R. Civ. P. 12(d).

Upon review of the instant Complaint, the court concludes that the statute of limitations is subject to equitable tolling. See Peoples v. Rogers, 2010 WL 424201 (D.S.C. Feb. 1, 2010); see also Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999) (holding that under a borrowed statute of limitations state rules of equitable tolling apply), cited in Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 320 (4th Cir. 2006). Moreover, based on the circumstances in this case and in light of the evidence presented by Scott, which the defendants have not refuted, the court concludes that the defendants are not entitled to dismissal on the basis that Scott's Complaint was untimely filed.

---

[2] The court also observes that Scott filed this declaration before the defendants filed their second motion to dismiss based on the Amended Complaint.

PJG

**RECOMMENDATION**

For the above reasons, the court recommends that the defendants' motions to dismiss (ECF Nos. 18 & 25) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 18, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).