IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| JAMES DARNELL SCOTT, # 269988, ) ) ) | Civil Action No.: 0:11-cv-03169-RBH |
| Plaintiff, ) ) ) | **ORDER** |
| v. ) ) | |
| GERALDINE MIRO, ) *RESPONSIBLE AUTHORITY FOR* ) *POLICY PS-10.08*; WILLIAM R. ) BYARS, JR., *SOUTH CAROLINA* ) *DEPARTMENT OF CORRECTIONS* ) *DIRECTOR*, ) ) | |
| Defendants. ) ) | |

Plaintiff James Darnell Scoot, a state prisoner proceeding *pro* se, filed this action, alleging violations of his constitutional rights. Defendants Geraldine Miro and William R. Byars, officials with the South Carolina Department of Corrections ("SCDC"), filed a motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF Nos. 18 & 25. These matters are now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] In the R&R, the Magistrate Judge recommends that the Court deny Defendants' motions to dismiss.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, who is incarcerated at Lee Correctional Institution, filed this 42 U.S.C. § 1983[2] action in November 2011, alleging his First and Fourteenth Amendment rights were violated when he was denied delivery of a newsletter he was sent as the result of policies adopted by Defendants and the SCDC. Defendants filed motions to dismiss, arguing that the allegations in Plaintiff's complaint show that it must be dismissed as time barred because the denial occurred on June 27, 2008, over three years before he filed his complaint. The Magistrate Judge issued her R&R on October 18, 2012, recommending that Defendants' motions should be denied. R&R, ECF No. 32. Based on a declaration filed by Plaintiff in response to the motions, the Magistrate Judge converted the motions into motions for summary judgment and found that Plaintiff had created a genuine dispute of material fact regarding equitable tolling.[3] Defendants filed timely objections to the R&R on November 5, 2012. Defs.' Objs., ECF No. 35.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a

---

[2] Because Plaintiff proceeds *pro se*, the Court liberally construes his constitutional claims as raised pursuant to 42 U.S.C. § 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[3] Defendants did not file a reply to Plaintiff's response.

party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge, in converting Defendants' motions to dismiss to motions for summary judgment, recommends denying the motions in light of Plaintiff's declaration and contention that he was prevented from filing his action because the SCDC failed to respond to his Step Two grievance. In their objections, Defendants argue (1) that the Court need not convert the motions to motions for summary judgment and consider Plaintiff's declaration, (2) that they should have been on notice that the Court would convert their motions to motions for summary judgment, and (3) that, if the Court does indeed deny their motions as motions for summary judgment, that it only consider the motions as a partial motions for summary judgment. The Court addresses the Defendants' objections in turn.

First, the Court agrees with Defendants that treating the motions to dismiss as motions for summary judgment was not necessary. Specifically, the declaration filed by Plaintiff provides no evidence of a material fact of which this Court cannot already take judicial notice. Plaintiff's declaration merely recites the SCDC's policy regarding responses to inmate grievances, and courts may take judicial notice of the SCDC's policies. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known

3

within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Thus, the SCDC's policy need not be considered a "matter[] outside the pleadings" requiring treatment of the motions "as [motions] for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Second, Defendants' contention in their motions that it is clear from the face of Plaintiff's complaint that the action is time barred is without merit. As the Magistrate Judge notes, this Court must liberally construe the allegations of Plaintiff's *pro se* complaint. R&R 2; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Taking judicial notice of the SCDC's policy regarding responses to inmate grievances, the Court cannot say it is sufficiently clear from the complaint that the action is time barred. Specifically, SCDC policy notes that "[u]nder certain circumstances the grievance process may exceed 215 days." SCDC Policy GA-01.12, Inmate Grievance System ¶ 11. Assuming that the statute of limitations is tolled while Plaintiff's grievance is pending, there is no legal certainty that Plaintiff's action is time-barred. *See Peoples v. Rogers*, No. 10-cv-00024-CMC, 2010 WL 424201, at *1-2 (D.S.C. Feb. 1, 2010) (reasoning that South Carolina law allows for equitable tolling during a "statutory prohibition," such as the Prison Litigation Reform Act's requirement that a prisoner must exhaust his administrative remedies). In other words—and as the Magistrate Judge notes in the R&R—dismissal of Plaintiff's complaint for *failure to state a claim* would not be proper. *See, e.g.*, *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007) (holding it was error for a district court to dismiss an action under 12(b)(6) when "the fact of the complaint does not allege facts sufficiently clear to conclude that the statute of limitations had run"). Therefore, the

Court finds that the Magistrate Judge's overall recommendation to deny Defendants' motions is proper.[4]

## CONCLUSION

The Court has thoroughly analyzed the entire record, including the complaint, the parties' briefs, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above, the Court rejects the Magistrate Judge's recommendation to treat Defendants' motions as motions for summary judgment but adopts the result of the Magistrate Judge's R&R as modified.

**IT IS THEREFORE ORDERED** that Defendants' motions to dismiss are **DENIED** *without prejudice*.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

January 16, 2013
Florence, South Carolina

---

[4] Because the Court declines to treat Defendants' motions as motions for summary judgment, Defendants' second and third objections are moot. In other words, the denial of Defendants' motions has no preclusive effect on the merits of their affirmative defenses and their right to raise the statute of limitations issue again at the summary judgment stage, supported by appropriate evidence.