IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| JAMES DARNELL SCOTT, # 269988, | Civil Action No.: 0:11-cv-03169-RBH |
| Plaintiff, | **ORDER** |
| v. | |
| GERALDINE MIRO, *RESPONSIBLE AUTHORITY FOR POLICY PS-10.08*; WILLIAM R. BYARS, JR., *SOUTH CAROLINA DEPARTMENT OF CORRECTIONS DIRECTOR*, | |
| Defendants. | |

This matter is before the Court on Plaintiff's "Motion for Relief from Order Pursuant to Fed. R. Civ. P. R. 60(B)(4)" filed on January 28, 2013. ECF No. 53. The Court construes the motion as a motion to reconsider its Order filed on January 16, 2013, denying Defendants' motions to dismiss. ECF No. 50. Plaintiff argues (1) that the Court mistakenly found Defendants' objections to the Magistrate Judge's Report and Recommendation ("R&R") to be timely, (2) that the Court should not have conducted a *de novo* review of the R&R, (3) that the Court mistakenly ruled that the Magistrate Judge should not have converted Defendants' motions to dismiss into motions for summary judgment.

Motions under Rule 59 of the Federal Rules of Procedure are not to be made lightly; "reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on

account of new evidence; or (3) "to correct a clear error of law or prevent manifest injustice." *Collison v. International Chemical Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Contrary to Plaintiff's argument, Defendants timely filed their objections pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure. Defendants had seventeen days from the service of the Magistrate Judge's R&R via the Court's electronic filing system on October 18, 2012. Because the seventeenth day fell on Sunday, November 4, 2012, Defendants' deadline to file objections fell on Monday, November 5—the same day provided by the Clerk of Court's office in the docket entry. Fed. R. Civ. P. 6(a); s*ee also* ECF No. 32. Therefore, Defendants' November 5, 2012 filing was timely, and the Court's *de novo* review was appropriate.

As for Plaintiff's argument regarding the Court's rejection of the Magistrate Judge's recommendation to convert Defendants' motions to dismiss into motions for summary judgment, Plaintiff admits the Court could take judicial notice of the South Carolina Department of Corrections' policies. However, Plaintiff does not point this Court to a change in controlling law, to new evidence, or to clear error. As such, the Court declines to reconsider its order. Therefore, Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 26, 2013