IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Darnell Scott, ) | C/A No. 0:11-3169-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Geraldine Miro, *Responsible Authority for* ) | |
| *Policy PS-10.08*; William R. Byars, Jr., *South* ) | |
| *Carolina Department of Corrections Director*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff James Darnell Scott ("Scott"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 66.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Scott was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 67.) Scott filed a response in opposition. (ECF No. 70.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.

**BACKGROUND**

Scott's Complaint alleges that he was deprived of his First and Fourteenth Amendment rights on June 27, 2008 when the mailroom at Lee Correctional Institution rejected a newsletter pursuant to South Carolina Department of Corrections ("SCDC") Policy PS-10.08. (Am. Compl., ECF No. 13-1 at 3-4.) Scott alleges that this policy, which does not allow inmates housed in the special

management unit ("SMU") to receive items categorized as "publications," is unconstitutional. (Id. at 4.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, this court recognizes that while the determinations of credibility and the weighing of evidence are matters for the jury and not the court, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).



The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.     Defendants' Motion for Summary Judgment

   1.     Statute of Limitations

In this case, the defendants argue that Scott's claims are barred by the statute of limitations. The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. See Owens v. Okure, 488 U.S. 235 (1989); S.C. Code Ann. § 15-3-530(5). In this case, Scott's Complaint reveals, and the parties do not appear to dispute, that Scott filed this action outside of the three-year statute of limitations. Scott's alleged deprivation occurred when he was not permitted to receive a newsletter on June 27, 2008. (Compl., ECF No. 13-1 at 3.) The instant Complaint was filed on November 10, 2011—more than three years after the alleged deprivation took place. See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to the district court).



Scott argues that the limitations period should be tolled while his grievances were pending before SCDC, as he is required to exhaust his administrative remedies prior to filing a civil action. See 42 U.S.C. § 1997e; S.C. Code Ann. § 15-3-100 (providing for tolling of an applicable statute of limitations during the continuance of a "statutory prohibition"); see also Peoples v. Rogers, C/A No. 8:10-24-CMC-BHH, 2010 WL 424201 (D.S.C. Feb. 1, 2010). Specifically, Scott alleges that he filed an SCDC Step One grievance on July 1, 2008. After receiving a response to his Step One grievance, Scott alleges that he filed a Step Two grievance on August 9, 2008, to which SCDC failed to respond.

In support of their argument that Scott's Complaint is untimely filed, the defendants provide affidavit testimony from Ann Hallman, the Branch Chief of the Inmate Grievance Branch of SCDC, who avers that Scott's Step Two grievance was denied on October 2, 2008. (Hallman Aff. ¶ 6, ECF No. 66-1 at 2.) Accordingly, Scott had until October 2, 2011 to timely file his Complaint before the expiration of the statute of limitations. Scott, however, provides a sworn affidavit in which he swears that he "never received notice or receipt of the Agency's final official response" and that he "was under the impression that [his] Step 2 grievance was never answered concerning this matter." (Scott Aff. ¶ 5, ECF No. 70-2 at 2.) Additionally, he points out that the signature lines that acknowledge receipt of the Step Two grievance are blank. (See ECF No. 70-3 at 3.)

Upon review of the instant Complaint, the court concludes that the statute of limitations is subject to tolling. See Peoples, 2010 WL 424201; see also Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999) (holding that under a borrowed statute of limitations state rules of tolling apply), cited in Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 320 (4th Cir. 2006). Based on the circumstances in this case and in light of the evidence presented by Scott, which the defendants have



not refuted, the court concludes that the defendants are not entitled to dismissal on the basis that Scott's Complaint was untimely filed.

**B.     Scott's Claims**

Inmates retain their First Amendment rights in prison.  See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).  In Turner v. Safley, 482 U.S. 78, 89 (1987), the United States Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  To meet this standard, the Turner Court identified four factors to consider:  (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative avenues that remain open to the inmates to exercise the right; (3) the impact that accommodating the asserted right will have on other guards and prisoners and on the allocation of prison resources; and (4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials.  Id. at 89-90.  The Court also recognized that deference should be given to the decisions of prison administrators, especially when those decisions deal with issues of prison safety and security.  Id. at 89; see also In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 469 (4th Cir. 1999) ("Prison officials should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

Scott contends that the SCDC policy limiting access to books, magazines, and photographs for inmates in the SMU is unconstitutional because it is not reasonably related to a legitimate penological interest.  In support of their motion, the defendants cite to SCDC Policy No. PS-10.08, which provides that inmates housed in SMU "may not receive any publications, to include



newspapers and magazines." (See SCDC Policy PS-10-08 ¶¶ 9.1, 9.3, ECF No. 66-2 at 5.) The policy specifically prohibits receipt of any printed communications—e.g., newspapers, magazines, newsletters, or books—which can be subscribed to or ordered. (Id. ¶ 21, ECF No. 66-2 at 8.) They argue that by restricting the nature and quantity of items an SMU inmate may possess, SCDC can attempt to prevent SMU inmates from using those items to hide contraband and other items that would present a safety concern. Additionally, the defendants note that Scott has alternative means of exercising his right to view publications pursuant to SCDC Policy OP-22.12, which allows inmates in SMU to possess one religious book, such as a Bible or Qur'an, and one book or magazine from Library Services. (See SCDC Policy OP-22-12 ¶¶ 26.1, ECF No. 66-2 at 10.) According to the defendants, this policy is used to encourage good behavior. (See id., Policy Statement, ECF No. 66-2 at 9.)

In Beard v. Banks, 548 U.S. 521 (2006), the United States Supreme Court addressed a challenge to a similar prison policy denying newspapers, magazines, and photographs to "a group of specially dangerous and recalcitrant inmates" who were in a prison's long term segregation unit, id. at 525, and held that the prison's stated rationale of motivating better behavior and discouraging other inmates satisfied the Turner factors. Beard, 548 U.S. at 531. Moreover, other courts in this district have found that the policy at issue here does not violate an inmate's First Amendments rights. See, e.g., Williams v. Ozmint, C/A No. 6:07-2409-DCN-WMC, 2008 WL 4372986 (D.S.C. Sept. 22, 2008), aff'd, 351 Fed. App'x 825 (4th Cir. 2009); Wiles v. Ozmint, C/A No. 0:05-2111-CMC-BM, 2006 WL 2260136 (D.S.C. Aug. 7, 2006).

Scott challenges the defendants' argument that SCDC's rationale for the policy is reasonably related to legitimate penological interests by arguing that there is no connection between a ban on



publications and security. (See Pl.'s Opp'n Mot. Summ. J., ECF No. 70.) He also argues that there is no "obvious link" between a publication ban and rehabilitating prisoners. (Id.) Upon review of Scott's arguments and affidavits, the court finds that in light of the deference afforded to prison officials, Scott has failed to present sufficient evidence demonstrating that SCDC's rationale for the policy is not "reasonably related to legitimate penological interests." Turner, 482 U.S. at 89; see also Beard, 548 U.S. at 531. Accordingly, the defendants are entitled to summary judgment on this claim.

Moreover, to the extent that Scott argues that the denial of his publications without his permission violates his Fourteenth Amendment right to due process, he has failed to allege a liberty or property interest that would trigger due process protections. See Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988) (stating that to trigger the protection of the Due Process Clause, an individual must show (1) the existence of a protected property or liberty interest and (2) that the deprivation was caused by state action).

**C.     Other Allegations**

To the extent that Scott's Complaint may be construed to allege any other causes of action, the court finds that Scott has failed to plead sufficient facts to state a plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). Furthermore, to the extent that Scott argues in his summary judgment response that the policy is being disparately applied, he has raised no such claim in his Complaint. See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F.Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

PJG

**RECOMMENDATION**

For the above reasons, the court recommends that the defendants' motion for summary judgment (ECF No. 66) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 4, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).