IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| JAMES DARNELL SCOTT, # 269988, | Civil Action No.: 0:11-cv-03169-RBH |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| GERALDINE MIRO, *RESPONSIBLE AUTHORITY FOR POLICY PS-10.08*; WILLIAM R. BYARS, JR., *SOUTH CAROLINA DEPARTMENT OF CORRECTIONS DIRECTOR*, | |
| Defendants. | |

Plaintiff James Darnell Scott, a state prisoner proceeding *pro se*, filed this action, alleging violations of his constitutional rights. Defendants Geraldine Miro and William R. Byars, officials with the South Carolina Department of Corrections ("SCDC"), filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 66. The motion is now before the Court after the issuance of the Report and Recommendation ("R&R") by United States Magistrate Judge Paige J. Gossett.[1] In the R&R, the Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, who is incarcerated at Lieber Correctional Institution, filed this 42 U.S.C. § 1983[2] action in November 2011, alleging his First and Fourteenth Amendment rights were violated when

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] Because Plaintiff proceeds *pro se*, the Court liberally construes his constitutional claims as raised pursuant to 42 U.S.C. § 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

he was denied delivery of a newsletter he was sent as the result of policies adopted by Defendants and the SCDC.³ Defendants filed a motion for summary judgment, arguing that Plaintiff's complaint, which alleges a claim that SCDC's policies regarding an inmate's access to publications are unconstitutional, should be dismissed. The Magistrate Judge issued her R&R on February 4, 2014, recommending that Defendants' motion for summary judgment should be granted. R&R, ECF No. 80. Plaintiff filed timely objections to the R&R. Pl.'s Objs., ECF No. 82.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

---

³ Because the facts are adequately stated in the Magistrate Judge's R&R, which the Court adopts, the Court need not elaborate on them further.

## DISCUSSION

The Magistrate Judge recommends granting Defendants' motion for summary judgment. Specifically, the Magistrate Judge reports (1) that Plaintiff has "failed to present sufficient evidence demonstrating that SCDC's rationale for the policy is not 'reasonably related to legitimate penological interests,'" (2) that Plaintiff has "failed to allege a liberty or a property interest that would trigger due process protections," and (3) that Plaintiff has failed to sufficiently plead any other claim in his complaint.[4]  In his objections, Plaintiff contends that the Magistrate Judge erred in recommending that Defendants' motion be granted because (1) Defendants failed to present any evidence to support their argument regarding the purpose of the policy, (2) all evidence was not viewed in a light most favorable to Plaintiff, and (3) Defendants' arguments did not support a finding that the SCDC policy is constitutional.

After a *de novo* review, however, the Court finds the Magistrate Judge's recommendation to be proper. Plaintiff's attack of the SCDC policy is facial, and he has not made any allegations in his complaint that Defendants failed to follow the policy or misapply the policy as it relates to him. He does not dispute that the SCDC policy challenged by him is applicable to him. Nor does he dispute the fact that he was an inmate in the SCDC's special management unit ("SMU") and was denied receipt of a newsletter. Plaintiff's claim, winnowed to its core by the R&R and his objections, is that the policy that prohibits him from "*receiv[ing]* any publications [from a publisher], to include newspapers and magazines, while in SMU" violates his First Amendment rights. SCDC Policy P.S.-10.08 ¶ 9.1. SMU inmates, however, are not prohibited from receiving publications altogether. *See* SCDC Policy OP-22.12. To that end, the undisputed facts are important because courts, including this Court, have time and again upheld the constitutionality of the SCDC policy at issue here against

---

[4] The Magistrate Judge rejected Defendants' argument that Plaintiff's complaint is barred by the statute of limitations. R&R 4–5. Defendants did not object to the recommendation.

3

facial challenges by inmates in the custody of the SCDC. *See Koon v. Ozmint*, No. 8:06-cv-02000-RBH, 2007 WL 1486067 (D.S.C. May 18, 2007); *cf.* Williams *v. Ozmint*, No. 6:07-02409-DCN, 2008 WL 4372986 (D.S.C. Sept. 22, 2008), *aff'd*, 351 Fed. App'x 825 (4th Cir. 2009). Indeed, the facts and procedural history of *Koon* are nearly indistinguishable from the facts and procedural history here.

In *Koon*, this Court thoroughly considered both *Turner v. Saftley*, 482 U.S. 78 (1987), and *Beard v. Banks*, 548 U.S. 521 (2006), in analyzing the constitutionality of SCDC Policy OP-22.12, which applies specifically to inmates in the SMU. The Court noted the similarities between the SCDC policy and the prison policy examined in *Beard*, and addressed each of the four factors recognized by the Supreme Court in *Turner*. The Court found that the policy is "rationally related to legitimate and neutral governmental objectives," that "alternative avenues remain[] open for the plaintiff to exercise his rights," that the absence of the restriction would deprive prison officials of a "method of rewarding good behavior and for punishing inappropriate behavior," and that the plaintiff had "not offered any reasonable alternative." *Koon*, 2007 WL 1486067, at *4–5. Ultimately, and consistent with other courts that have reviewed the policy, this Court concluded the policy, on its face, passed constitutional muster.

Plaintiff, in his objections, demands that Defendants provide evidence of the legitimate government objectives for which the policy was promulgated. Moreover, he insists that all favorable inferences from all of the evidence he offers in response to Defendants' motion entitles him to a trial. The Court, however, disagrees—for the same reasons expressed by the Magistrate Judge in the R&R. Plaintiff himself recognizes the deference that the Court must give to prison officials to promulgate policy pertinent to prison safety and security. In that light, the record of

4

court decisions explaining the objectives for the very policy now before the Court is significant. In *Koon*, this Court noted the following:

> The policy creates an incentive or motivation for inmates placed in SMU to change their behavior to either obtain release from SMU or to avoid placement in SMU. The policy also places limitations on the amount of reading material to promote and maintain order and discipline. Limiting the number of books and periodicals reduces a potential fire hazard in the SMU. Limiting the number of books and periodicals reduces clutter and thus an SMU inmate has less places to hide drugs and weapons. In addition, the policy deters improper uses of paper available from books, newspapers and magazines. Inmates use paper from books, magazines, and newspapers to cover cell windows to conceal activity within their cell, jam the locks to prevent entry into their cell, and stop up toilets.

2007 WL 1486067, at *4. Moreover, the policy itself describes the SMU inmates as "requiring more intense levels of supervision and monitoring in separate areas" and explains that it is intended "[t]o promote good behavior and conformance with Agency rules and regulations."

As to the other *Turner* factors, the Court observes that the policy permits SMU inmates to possess a "Bible/Qura'n" ("religious materials"), as well as one book or magazine at a time from the prison library. SMU inmates are thus given a reasonable avenue to exercise their First Amendment liberties against the backdrop of prison officials' interests in maintaining safety and security. For that reason, the policy has routinely been upheld. Here, Plaintiff does not offer any reasonable alternative that takes the considerations of *Turner* in mind, arguing only that the evidence he provides shows that publications exist that could *benefit* inmates. *Turner*, however, requires a neutral policy, and thus Plaintiff's alternative suggestion—to discriminate against content—is not reasonable. As the reasons outlined in *Koon* suggest, it, of course, is not unreasonable for a "beneficial" publication to be used in a way most unbeneficial to prison safety. Accordingly, as recommended by the Magistrate Judge, the Court finds that Plaintiff has failed to overcome the deference a court must accord to prison officials, and Plaintiff's objections must be overruled.

## CONCLUSION

The Court has thoroughly analyzed the entire record, including the complaint, the parties' briefs, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts and incorporates the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (ECF No. 66) is **GRANTED**. Accordingly, Plaintiff's complaint is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

February 27, 2014
Florence, South Carolina